The depositions of Drs. Thomas Lynn Jolly, M.D., Cathy M. Judge, M.D., and David Vanzandt Janeway, M.D. have now been received by the Full Commission and are, accordingly, made a part of the official record in this case for consideration so that a final Opinion and Award may be rendered by the Full Commission.
The Full Commission has now determined that sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing, as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the plaintiff and the defendant-employer on April 17, 1996.
3. On April 17, 1996, the plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer.
4. The plaintiff lost no time from work as a result of the injury by accident.
***********
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following additional
 FINDINGS OF FACT
1. The plaintiff was forty-nine years old as of the initial hearing and has worked with the defendant-employer approximately ten years. At the time of the initial hearing, she was a buyer in the purchasing department and worked in the corporate headquarters.
2. On April 17, 1996, at around 1:30 p.m., the plaintiff went into the restroom at work. When she placed her hand on the door to the restroom stall, the door fell off its upper hinge and hit her in the right eyebrow area.
3. On April 19, 1996, she began to have muscle spasms in her upper and middle back and shoulders. She was treated at PrimeCare that day and was diagnosed with right supra orbital contusion (bruise above her right eye) and a strain of the trapezius (upper back) and gluteal muscles (buttock). The plaintiff treated with PrimeCare again on April 24, 1996, and on May 1, 1996, at which time she was released from care by Dr. Jolly.
4. The defendants paid for the plaintiff's treatment by PrimeCare and Dr. Jolly.
5. Dr. Jolly felt that plaintiff's symptoms had resolved and that she had reached maximum medical improvement by May 1, 1996. He felt that she sustained no permanent partial impairment at this time. However, plaintiff continued to experience some back pains off and on following Dr. Jolly's release. (It should be noted that plaintiff had had no history of back or neck pain prior to her April 17, 1996 injury by accident.)
6. The plaintiff went on a ten day vacation near the end of September of 1996, which included two ten-hour flights, after which her back began to hurt again. She saw her family physician, Dr. Cathy Judge, on October 9, 1996. She also received chiropractic treatments from November 26, 1996 until December 18, 1996. However, plaintiff's neck felt worse after the chiropractic treatments; so she stopped going.
7. The plaintiff was referred by her family physician to Dr. David Janeway, a specialist in orthopedics, for evaluation of chronic neck and back pain. Dr. Janeway treated plaintiff conservatively from January 21, 1997, until April 10, 1997, for myofascial pain and trigger points.
8. Both Dr. Janeway and Dr. Judge felt that the cause of plaintiff's symptoms after September of 1996 was the initial injury of being struck in the head and neck region in April of 1996. The significance of the plane flights was just to initiate a flare-up of the already underlying chronic myfascial pain condition which had its onset in the compensable injury. The opinions of Dr. Judge and Dr. Janeway are accepted by the undersigned as credible and convincing. Plaintiff has sufficiently and convincingly met her burden of establishing that the back pain experienced in September, 1996, and thereafter was causally related to her April 17, 1996 injury by accident.
9. As a result of plaintiff's compensable April 17, 1996, injury, she has sustained a five percent (5%) permanent partial disability to her back. At the time of the initial hearing, plaintiff was still having pain in her upper and mid back.
10. As a result of her chronic myofascial pain syndrome, plaintiff will continue to require intermittent medical treatment in order to effect a cure and provide relief.
11. Plaintiff's average weekly wage is $658.56, based upon the submitted Form 22. This yields a compensation rate of $439.06.
***********
The foregoing stipulations and findings of fact engender the following
 CONCLUSIONS OF LAW
1. The plaintiff sustained and injury by accident arising out of and in the course of her employment with the defendant-employer on April 17, 1996. N.C. Gen. Statute § 97-2(6).
2. As a result of her compensable, injury by accident, plaintiff is entitled to a five percent (5%) permanent partial disability compensation for her back, subject to a reasonable attorney's fee. N.C. Gen. Statute § 97-3l(23).
3. Plaintiff is entitled to have defendants provide medical compensation for treatment related to her compensable injury by accident, to the extent that such treatment will effect a cure or give relief.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 AWARD
1. Defendants shall pay the expert witness fees to Drs. Janeway, Judge, and Jolly, once statements have been submitted and fees set by the undersigned.
2. Defendants shall pay plaintiff for the five percent (5%) permanent partial disability to her back, that amount being $439.06 per week for a 15 week period. Said amount, as having accrued, shall be paid in a lump sum subject to the attorney's fee hereinafter provided.
3. Plaintiff's attorney is entitled to a reasonable attorney's fee of twenty-five percent (25%) of the above mentioned accrued compensation due plaintiff. Said amount shall be deducted and paid directly to plaintiff's counsel.
4. Defendants shall provide compensation for related medical treatments for plaintiff, once bills for the same have been properly submitted through the carrier for approval. This award of medical treatment is ongoing into the future, as intermittent medical treatment will be needed for an undetermined period of time.
5. Defendants shall pay the costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ___ day of _________, 1999.
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
(Participated on the panel but unavailable for signature due to current illness).
CHRISTOPHER SCOTT COMMISSIONER